# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                       )
     v.               )    I.D. No. 2301006196
                       )
KESHAUN SWANSON,     )
                       )
    Defendant.     )

Submitted: October 20, 2023
Decided: January 5, 2024

*Upon Defendant Keshaun Swanson's Motion to Declare Defendant Incompetent to Stand Trial*

**DENIED.**

## ORDER

Stephen McCloskey, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State of Delaware.

F. Phillip Renzulli, Esquire, LAW OFFICE OF F. PHILLIP RENZULLI, 615 W. 18th Street, Lower Level, Wilmington, DE 19802, Attorney for Defendant Keshaun Swanson.

**WHARTON, J.**

This 5th day of January 2024, upon consideration of Defendant Keshaun Swanson's Motion to Declare Defendant Incompetent to Stand Trial, it appears to the Court that:

1.  Defendant Keshaun Swanson ("Swanson") is charged by indictment with Robbery First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Conspiracy Second Degree, Possession of a Firearm by a Person Prohibited ("PFBPP"), and Wearing a Disguise During the Commission of a Felony.[1]  The offenses are alleged to have occurred on January 23, 2023.[2]  On May 17, 2023 Swanson moved to transfer his charges to the Family Court.[3]  His birthday is January 24, 2003, making him 17 years and 11 months old at the time of the offenses.[4]  The State then moved for a psychological/psychiatric examination of Swanson.[5]  The motion was granted,[6] and a report filed on July 24, 2023.[7]  A Commissioner of this Court directed the parties to confer and advise the Court whether the evaluation would be contested and how the parties desired to proceed.[8]  Meanwhile, a reverse amenability hearing was scheduled for October 18th.[9]  At a teleconference prior to the scheduled reverse amenability hearing, it was determined

---

[1] Indictment, D.I. 1.
[2] *Id.*
[3] D.I. 3.
[4] *Id.*
[5] D.I. 7.
[6] D.I. 8.
[7] D.I. 9.
[8] D.I. 10.
[9] D.I. 12.

2

that the hearing would be converted to a competency hearing.[10]  The Court held the hearing on October 18th, reserved decision, and allowed the defense to supplement the record with Family Court records relevant to Swanson's competency.[11]  The defense provided those supplemental materials, consisting of Family Court records related to competency, on October 20th.

2.     Testifying at the hearing on behalf of Swanson was Laura Cooney-Koss, Psy.D.; M.C.J. ("Dr. Cooney-Koss").  Testifying for the for the State was Jonathan P. Tan, Psy.D. ("DR. Tan").  The Court received reports authored by Dr. Cooney-Koss and Dr. Tan into evidence.  The doctors disagree on the issue of competency, with Dr. Cooney-Koss opining that Swanson is not competent and Dr. Tan that he is.

3.     Dr. Cooney-Koss has some familiarity with Swanson, having evaluated him in conjunction with prior charges in the Family Court in 2019 and 2020.[12]  In both reports, she opined that he was incompetent to stand trial.[13]  Then, as now, she thought is unlikely Swanson would achieve adjudicative competence at any time in the foreseeable future.[14]  In Dr. Cooney-Koss' opinion, the primary impediments to competency are related to his intellectual deficiencies – he has "limited factual

---

[10] D.I. 13.
[11] D.I. 14.
[12] Cooney-Koss Report at 1.
[13] *Id.*
[14] *Id.*

knowledge, greater inferiority in his rational knowledge, and deficient reasoning abilities.[15]

5. In contrast, Dr. Tan opined that Swanson is competent to stand trial.[16] In his view, Swanson "appeared to have a rational and factual understanding of his charges, legal options, and roles of the participants in the courtroom."[17] He has confidence in his lawyer and trusts him to defend him.[18]

6. The State has the burden of proving by a preponderance of the evidence, that Swanson is presently competent to stand trial .[19] Further, "Competency is a legal concept, not a medical one."[20] It is a "fact-specific inquiry that takes into account the totality of the circumstances and does not necessarily turn upon the existence or nonexistence of any one factor."[21] The court must be satisfied that the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as a factual

---

[15] *Id*. at 18.
[16] Tan Report, at 6.
[17] *Id.*
[18] *Id.*
[19] *See, e.g.*, *Diaz v. State*, 508 A.2d 861, 863 (Del. 1986) ("The prosecution must prove the defendant's competence by a preponderance of the evidence."); *Smith v. State*, 918 A.2d 1144, 1148 (Del. 2007) ("The prosecution bears the burden of proving a defendant's legal competency by a preponderance of the evidence.").
[20] *Feliciano v. State,* 2017 WL 897421 (Del. Mar. 3, 2017); *Harris v. State,* 1996 WL 769482, at *7 (Del. Super. Ct. Dec. 10, 2016)
[21] *See also, State v. Shields,* 593 A.2d 986 (Del. Super. Ct. 1990) (citing *Dusky v. United States,* 362 U.S. 402); *State v. Reed,* 2004 WL 2828043 (Del. Super. Ct. Apr. 21, 2004).

understanding of the proceedings against him."[22]  This competency test is codified in 11 *Del. C.* 404(a).[23]

7.   Legal competency is not an exacting standard.[24]  In fact, "[F]rom a legal standpoint, the competency threshold is quite low."[25]  This Court has held that "due process requires that a defendant be afforded a fair, not a perfect trial, and that he be able to consult with his lawyer with a reasonable, not a perfect degree of rational understanding."[26]  This Court has also observed:

> Competency is, to some extent a relative matter arrived at by taking into account the average level of ability of criminal defendants. We cannot, however, exclude from trial all persons who lack the intelligence or legal sophistication to participate actively in their own defense. That is not the standard by which we measure competency. Should we do so, we would preclude the trial of a number of people who are, indeed, competent to stand trial as understood in the law. The accused need not understand every legal nuance in order to be competent.[27]

Delaware Courts have identified two sets of criteria that are instructive in determining competency – the *McGarry* factors and the *Guatney*[28] factors, both

---

[22] *Dusky v. United States,* 362 U.S. 402 (1960).
[23] 11 *Del. C.* § 404(a).
[24] *See, State v. Shields,* 593 A.2d at 1012.
[25] *Id.*
[26] *State v. Wynn,* 490 A.2d 605, 610 (Del. Super. Ct. Feb. 22, 1985).
[27] *State v. Shields,* 593 A.2d at 1012.
[28] *State v. Guatney,* 299 N.W.2d 538 (Neb. 1980).

recently discussed in *State v. Perry*.[29] The *McGarry* factors are also known as the "Competency to Stand Trial Instrument."[30] The *McGarry* factors look at:

> (1) The defendant's ability to appraise the legal defenses available; (2) the defendant's ability to plan a legal strategy; (3) level of manageable behavior; (4) quality of relating to his or her attorneys; (5) ability to appraise the participants in the courtroom; (6) understanding of court procedures; (7) appreciation of the charges; (8) appreciation of the range and nature of the penalties; (9) ability to appraise the evidence and likely outcome; (10) capacity to disclose to his or her attorneys available pertinent facts surrounding the offense; (11) capacity to challenge prosecution witnesses realistically; (12) capacity to present relevant testimony; and (13) motivation for a positive outcome.[31]

The *Guatney* factors are similar but more specific:

> (1) That the defendant has sufficient mental capacity to appreciate his presence in relation to time, place, and things; (2) that his elementary mental processes are such that he understands that he is in a court of law charged with a criminal offense; (3) that he realizes there is a judge on the bench; (4) that he understands that there is a prosecutor present who will try to convict him of a criminal charge; (5) that he has a lawyer who will undertake to defend him against the charge; (6) that he knows that he will be expected to tell his lawyer all he knows or remembers about the events involved in the alleged crime; (7) that he understands that there will be a jury present to pass upon evidence in determining his guilt or innocence; (8) that he has sufficient memory to relate answers to the questions posed to him; (9) that he has established rapport with his lawyer; (10) that he can follow the testimony reasonably well; (11) that he has the ability to meet stresses without

---

[29] 2023 WL 8187300 (Del. Super. Ct. Nov. 23, 2023).

[30] *Id.*

[31] *Id.* at n. 44. (citing *State v. Silvils* 2022 WL 17494203, at *5 (Del. Super Ct. Dec. 8, 2022)).

his rationality or judgment breaking down; (12) that he has at least minimal contact with reality; (13) that he has the minimum intelligence necessary to grasp the events taking place; (14) that he can confer coherently with some appreciation of proceedings; (15) that he can both give and receive advice from his attorneys; (16) that he can divulge facts without paranoid distress; (17) that he can decide upon a plea; (18) that he can testify, if necessary; (19) that he can make simple decisions; and (20) that he has a desire for justice rather than undeserved punishment.[32]

8.      In the Court's view, the differing expert opinions are both well considered and articulated.  They primarily diverge as to where the competency line should be drawn.[33]  Drawing that line is the Court's responsibility.[34]

9.      There is no doubt that Swanson has significant intellectual deficiencies. Dr. Cooney-Koss states that Swanson was evaluated using the Juvenile Adjudicative Competency Interview, but due to his age he was asked *McGarry* questions as well.[35] The responses Dr. Cooney-Koss reports also cover most, if not all of the *Guatney* factors.[36]  Dr. Tan also administered the *McGarry* questions and reported the results as part of his competency evaluation.[37]

10.      In the Court's view, a fair reading of the totality of Swanson's responses to the questions asked by both doctors demonstrates he has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding"

---

[32] *Id.* at n. 45.
[33] *See, Silvils,* 2020 WL 17494203, at *6.
[34] *Id.*
[35] Cooney-Koss Report at 12.
[36] *Id.* at 12-18.
[37] Tan Report,  at 4-5.

together with a "rational as well as factual understanding of the proceedings against him." He is able to understand the charges he is facing and their relative gravity, provide a limited version of events, understand the role of the prosecutor, defense attorney, judge, and jury, trust and work with his attorney, and consider a plea offer. Thus, he meets the low threshold of competency relative to the average level of ability of criminal defendants.

11. None of the foregoing is to say that there is no merit in Dr. Cooney-Koss' concerns – there is, and the parties should take them seriously in attempting to fashion a possible resolution of Swanson's charges. Rather, the Court finds that she simply draws the line for competency higher than the law requires.

**THEREFORE,** Defendant Keshaun Swanson's Motion to Declare Defendant Incompetent to Stand Trial is **DENIED**. The parties are directed to contact Chambers to schedule a reverse amenability hearing.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

8